UNITED STATES of America, ex rel.
Guy D. McCOY, Jr., and Frank
Hellum, Plaintiffs,

v.

CALIFORNIA MEDICAL REVIEW, INC.,
Jo Ellen H. Ross, Alan Snodgrass, Margaret Shea and Larry Magna, Defendants.

No. C–88–3659 MHP.

United States District Court,
N.D. California.

May 5, 1989.

Joseph P. Russoniello, U.S. Atty., Stephen L. Schirle, Asst. U.S. Atty., Chief, Civ. Div., Stephen A. Shefler, Asst. U.S. Atty., San Francisco, Cal., Stuart E. Schiffer, Acting Asst. Atty. Gen., Michael F. Hertz, Ronald H. Clark, Richard G. Vartain, Attys., Civ. Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

Thomas Steel, M. Jayne Lawhon, Law Offices of Thomas Steel, San Francisco, for relators Guy D. McCoy, Jr., and Frank Hellum.

William Grauer, Gray, Cary, Ames & Frye, San Diego, Cal., for defendant Margaret Shea.

Barry London, Douglas Schwartz, Dan King, Lillick, McHose & Charles, San Francisco, Cal., for defendant California Medical Review, Inc.

Michael Lipman, Coughlan, Semmer & Lipman, San Diego, Cal., for defendant Allan Snograss.

S. Thomas Pollack, Irell & Manella, Los Angeles, Cal., for defendant Jo Ellen H. Ross.

Susan Jordan, San Francisco, Cal., for defendant Larry Magna.

## OPINION

PATEL, District Judge.

This action under the False Claims Act, 31 U.S.C. § 3729 et seq., was filed by relators Guy D. McCoy, Jr. and Frank Hellum on September 16, 1988. The matter is now before the court on plaintiff United States' motion to stay the action and retain the complaint and material evidence under seal. Having considered the memoranda and arguments of the United States and the relators, the court denies the motion to stay the action and retain the matter under seal. The United States is ordered forthwith to serve the defendants with summons and copies of the complaint.

*Background*

Relators McCoy and Hellum are former employees of defendant California Medical Review, Inc. ("CMR"). Acting as *qui tam* plaintiffs under the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq., relators filed this action in September 1988, alleging fraudulent practices by CMR. The fraud allegedly consisted primarily of CMR's false representations of satisfactory performance of its obligations under a contract with the Health Care Financing Administration of the Department of Health

and Human Services. On January 3, 1989, pursuant to 31 U.S.C. § 3730(b)(2), the United States elected to intervene and proceed with the action.

The United States has informed the court that there is an ongoing criminal investigation into the events surrounding the alleged fraud. In order "to prevent the premature disclosure of the Government's criminal case by the use of civil discovery," Application for Stay at 2, as well as to promote an efficient disposition of legal issues common to the civil and criminal actions, the United States has asked the court, pursuant to 31 U.S.C. § 3730(b)(4), to keep the complaint and material evidence under seal and to stay the civil action "until completion of the criminal proceedings." App. for Stay at 2. Relators oppose the United States' motion for a stay of the proceedings.

### Discussion

At the outset, the court notes that there are no reported cases interpreting the provisions of the False Claims Act at issue in the instant motion. This is because when the Act was amended in 1986, the *qui tam* provisions, particularly those dealing with the stay and seal issues, were substantially altered. The court therefore relies principally upon the language of the statute and its legislative history. The court is mindful of Congress' objectives in amending the Act, principally to expand the role of *qui tam* plaintiffs and to keep pressure on the United States to prosecute the cases. *See* S.Rep. No. 99–345, 99th Cong., 2d Sess. 24, *reprinted in* 1986 U.S.Code Cong. & Admin.News 5266, 5288–92 (hereinafter Leg. Hist.).

In the instant motion, it is unclear whether the government seeks a stay of the civil action pending its decision whether to prosecute a criminal case, its obtaining of an indictment, or, indeed, pending the completion of the entire criminal matter, as a literal reading of its request for a stay "pending completion of the criminal proceedings" suggests. In any case, section 3730(b)(4) of the False Claims Act, upon which the United States relies in its application for a stay, provides no authority for the relief sought. That section states,

(4) Before the expiration of the 60–day period or any extensions obtained under paragraph (3), the Government shall—

(A) proceed with the action, in which case the action shall be conducted by the Government; or

(B) notify the court that it declines to take over the action, in which case the person bringing the action shall have the right to conduct the action.

The sixty-day period referred to is the time during which, pursuant to section 3730(b)(2), all complaints filed under the Act remain under seal. During this sixty-day period the Government may elect to intervene and proceed with the action. In this case, the sixty-day period expired on January 3, 1989. At that time, the United States notified the court of its intervention in the case.

Section 3730(b)(3) allows the Government to move the court for "extensions of the time during which the complaint remains under seal under paragraph (2) [section 3730(b)(2)]." The section provides no authority, however, for extending the seal once the Government has intervened.[1] The

---

1. The legislative history further indicates that requests for extensions under section (b)(3), even where made for the proper purpose of allowing the government more time to decide whether to intervene, are not to be automatically granted:

> Extensions will be granted ... only upon a showing of "good cause." The Committee intends that courts weigh carefully any extensions on the period of time in which the Government has to decide whether to intervene and take over the litigation.... "[G]ood cause" would not be established merely upon a showing that the Government was overbur-

dened and had not had a chance to address the complaint.

Leg.Hist. at 5289–90.

The United States cites the prosecutor's workload as one of the principal reasons supporting its motion for a stay. The declaration of the Assistant United States Attorney (AUSA) assigned to this matter states that the AUSA will *begin* his review of the California Medical Review case at the conclusion of an unrelated jury trial currently occupying his time, and that following his review a decision on criminal prosecution will be made. This is precisely the sort of justification Congress rejected. As part of its

legislative history of section (b)(3) also indicates that once the Government has elected whether to intervene under paragraph (2), unsealing of the complaint is virtually automatic:

> Keeping the *qui tam* complaint under seal for the initial 60–day time period is intended to allow the Government an adequate opportunity to fully evaluate the private enforcement suit.... Nothing in the statute, however, precludes the Government from intervening before the 60–day period expires, *at which time the court would unseal the complaint* and have it served upon the defendant....

Leg.Hist. at 5289. (emphasis added). Relators are correct that neither this section nor any other in the FCA provides authority for retaining the civil action under seal once the Government has elected to intervene.

The United States points out that the legislative history reflects Congress' concern that civil actions under the Act not disrupt or hamper criminal investigations, a danger the Government cites here. However, the very nature of the Act contemplates dual proceedings. The Act was passed as a means of prodding the government to pursue civil actions for fraudulent claims draining the federal fisc. Criminal fraud investigations and the type of civil actions prompted by the Act are natural concomitants of each other. Surely Congress knew this and recognized the obvious. Indeed, in its report on the bill, the Senate Judiciary Committee stated that it "does not intend that criminal investigations be considered an automatic bar to

proceeding with a civil fraud suit." Leg. Hist. at 5290.[2]

This is not to say that the court has no means of controlling the civil action so as not to interfere unduly with the Government's prosecution of a criminal matter. This control, however, must be exercised on a case-by-case basis. Section 3730(c)(4) allows the court to control discovery in the civil case when the Government makes a showing that such discovery would interfere with the Government's investigation or prosecution of other matters arising out of the same facts. The section states,

> (4) Whether or not the Government proceeds with action, upon a showing by the Government that certain actions of discovery by the person initiating the action would interfere with the Government's investigation or prosecution of a criminal or civil matter arising out of the same facts, the court may stay such discovery for a period of not more than 60 days..... The court may extend the 60–day period upon a further showing in camera that the Government has pursued the criminal or civil investigation or proceedings with reasonable diligence and any proposed discovery in the civil action will interfere with the ongoing criminal or civil investigation or proceedings.

31 U.S.C. § 3730(c)(4).

Because section 3730(c)(4) grants the court authority to curb "certain acts of discovery," and because of the strict time limits on stays of discovery, the section implicitly refutes the United States' position that a stay of the entire action is available. The United States' citations to cases upholding judicial power to stay ac-

---

strengthening of the position of the *qui tam* plaintiffs under the amended Act, Congress noted that:

> the court should carefully scrutinize any additional Government requests for extensions by evaluating the Government's progress with its criminal inquiry. The Government should not, in any way, be allowed to unnecessarily delay lifting of the seal from the civil complaint or processing of the *qui tam* litigation.

Leg.Hist. at 5290.

The United States Attorney in San Francisco has had the civil complaint and material evidence in this case since September 16, 1988, while the Department of Justice has had the information since November 3, 1988. The Government now admits that it has not yet

commenced its review of the criminal case, apparently because of the assigned AUSA's other commitments. Even were the court to find that a stay was available once the government has intervened, this falls far short of the good cause showing intended by Congress.

2. Further, the fact that the Committee's expression of concern for criminal investigations appears in its discussion of section (b)(3) of the Act, which provides for extensions *before* the Government decides whether to intervene, indicates that once the Government has decided to intervene, no further stays of the entire civil action are available. *See* Legis.Hist. at 5290.

tions in other contexts, or under the False Claims Act in its earlier form, cannot overcome the amended Act's clear dictate that the Government and the court have only a limited power to slow civil suits. Congress clearly intended to bestow upon relators in proceedings under the Act substantial power to force the prosecution of cases. "[M]uch of the purpose of *qui tam* actions would be defeated unless the private individual is able to advance the case to litigation." Leg.Hist. at 5289. The court therefore finds that a stay of the entire action would be inappropriate and must be denied.

*Conclusion*

The court finds no authority under the False Claims Act, 31 U.S.C. § 3729 et seq., or elsewhere for the relief sought by the United States. As discussed above, once the United States has entered the civil FCA case, it may no longer petition the court for an extension of the time the action remains under seal, nor may it call a complete halt to the relators' discovery actions. Accordingly, the motion for a stay and to retain the action under seal is DENIED. The United States may seek narrowly tailored relief under 31 U.S.C. § 3730(c)(4) upon a showing to the court that certain discovery actions by the relators would interfere with its actions in related civil or criminal proceedings.

IT IS SO ORDERED.