Andrew **GOTTLIEB** et al., Plaintiffs,

v.

The **COUNTY OF ORANGE,**
et al., Defendants.

No. 93 Civ. 466 (VLB).

United States District Court,
S.D. New York.

Oct. 18, 1993.

---

Nelson M. Farber, Akst & Akst, New York City, for plaintiffs.

Michael C. Eidens, Eidens & Dickson, Schenectady, NY, for the witness and witness' employer.

Lisa L. Golluhue, MacCartney, MacCartney, Kerrigan & MacCartney, Nyack, NY, for Orange County defendants.

Judy E. Nathan, Asst. Atty. Gen., New York State Dept. of Law, New York City, for defendant Zeltman.

**MEMORANDUM ORDER**

BRODERICK, District Judge.

**I**

This action brought pursuant to 42 U.S.C. § 1983 presents the question of when nursing personnel may disclose information concerning a child where litigation ensues challenging public agency action based on suspicions of child abuse.[1] A privilege is established by New York CPLR 4504 prohibiting nursing personnel from disclosing "any information ... acquired in attending a patient in a professional capacity and which was necessary to enable" the nurse to "act in that capacity."

■ Where a claim or defense is governed by federal law, state privileges may be persuasive but they are not binding; the ultimate criterion under Fed.R.Evid. 501 is common law evaluated in the light of reason and experience.

Here, the basic interests underlying the state statute are supported by the purposes of federal statutes such as 42 U.S.C. § 5101 et seq. (Child Abuse Prevention and Treatment); see also Health Care Quality Improvement Act, 42 U.S.C. §§ 11101–11152. General public knowledge—or prying by persons without a legitimate interest concerning medical matters affecting individual patients—obviously deters frankness in disclosures to health care professionals.

Those subjected to disclosure of their medical affairs may be harmed through gossip or erroneous inferences drawn by persons possessed of partial and hence misleading bits of information. In such circumstances "the public's right not to know," Epstein, "Never Wise—but Oh, How Smart," NY Times Book Review, Aug. 31, 1986 at 3, 16, is important to the objectives of the relevant statutes and common law principles.

At the same time, an absolute bar to obtaining information of this type presents problems of implementation of federal law which have discouraged courts from treating medical privileges as absolute. See *United States v. University Hospital*, 575 F.Supp.

1. I omit the names of any natural persons in this     memorandum order.

607 (E.D.N.Y.1983), *aff'd,* 729 F.2d 144 (2d Cir.1984); see also *United States v. Moore,* 970 F.2d 48 (5th Cir.1992).

Instead of recognizing medical privileges as absolute in federal question cases, the Second Circuit has indicated that such privileges should be recognized to the extent that the court should give consideration to the witness' privacy interests. *United States v. Diamond,* 964 F.2d 1325 (2d Cir.1992) (psychiatrist-patient privilege).

The state law privilege and its counterpart absorbed into federal common law are relevant here because of the important concerns at stake. The state law privilege is not binding. Its applicability or outer limits need be determined here. The *Diamond* privilege does not constitute an absolute bar, but does indicate the need for consideration of privacy concerns.

## II

Apart from Fed.R.Evid. 501, relief can be granted through a protective order under Fed.R.Civ.P. 26(c) "to protect a party or person from annoyance, embarrassment, oppression, or undue burden ..." These concepts embrace the purposes of the state law privilege but are broader than any medical privilege and are not confined to the limits of any such privilege. Rule 26(c) likewise permits disclosure under limiting conditions rather than requiring a ruling either barring it absolutely or permitting it without safeguards.

Rule 26(c) permits the primary goals of medical privileges to be achieved; it also allows the mandates of a *Diamond*–type privilege to be followed, without imposing an absolute bar to securing vital information where truly necessary and accompanied by protective measures. The Rule authorizes protective orders to require among other things that "discovery may be had only on specified terms or conditions", that "discovery be conducted with no one present except persons designated by the court", and that "a deposition after being sealed be opened only by order of the court".

Protective orders under Fed.R.Civ.P. 26(c) are normally more far-reaching as to discovery matters than where materials are submitted to a court in connection with motions or trials leading to judicial decisions. In the latter situations the public right to know how the judicial branch is functioning is implicated. See *In re New York Times,* 828 F.2d 110 (2d Cir.1987); *In re NBC,* 635 F.2d 945, 949 (2d Cir.1980); *Leucadia, Inc. v. Applied Extrusion Technologies,* 998 F.2d 157 (3d Cir. 1993); *Republic of the Philippines v. Westinghouse Electric Corp.,* 949 F.2d 653 (3d Cir.1991); *Levy v. Weksel,* 143 F.R.D. 54 (S.D.N.Y.1992).

## III

Plaintiffs as guardians of the child involved have undertaken to waive any applicable privilege. I treat this waiver as intended to waive any barriers which would prevent the litigation from going forward, but not as authorizing any unnecessary disclosures.

## IV

■ Based on these considerations, I direct pursuant to Fed.R.Civ.P. 26(c) that any nursing personnel having information relevant to this case may be deposed subject to the following limitations:

(a) Only counsel for the parties to this litigation, the witness, counsel for the witness, and a court reporter may be present.

(b) The transcript of such depositions shall be sealed and not opened except pursuant to further order.[2]

(c) Counsel for the parties may use the information obtained from such depositions in determining the steps they wish to take in this litigation and for no other purpose. Such counsel may not furnish such information to any other person, including their clients, without further order of the court.

(d) The above limitations shall apply to events subsequent to this memorandum order relating to any other discovery already taken or to be taken in the future in this case which may reveal information which may

---

**2.** Under Local Rule 18(a), as authorized by Fed. R.Civ.P. 5(d), depositions are not to be filed

except by order of the court. See also *Hawley v. Hall,* 131 F.R.D. 578, 581–82 (D.Nev.1990).

constitute medical information relating to any individual natural person.

(e) A further order must be obtained before any information derived from a deposition of nursing personnel is used on any motion or at trial.

## V

Any person answering questions put at a deposition pursuant to this order will not thereby violate any applicable state statute, and shall be protected from any sanction for answering such questions by virtue of obedience to my order pursuant to the Supremacy Clause of the Constitution of the United States (Art. VI, cl. 2).

## VI

The parties are directed to consider whether the inclusion of any or all of the natural persons sued in an individual capacity serves any useful purpose in this case to the extent that a solvent institutional entity is responsible for the behavior of such person. See *Archer v. Globe Motorists Supply Co.,* 1993 WL 187913, 1993 US Dist LEXIS 7162 (S.D.N.Y.1993).

## VII

At the conclusion of the depositions authorized by this memorandum order, the parties are directed to revisit the possibilities of settlement of this case, and of any procedures which may assist in that regard, and to report the results to the court within 45 days of the date of this memorandum order.

SO ORDERED.