**UNITED STATES of America by the DE-PARTMENT OF DEFENSE, and Pentagen Technologies International Limited, Plaintiffs,**

v.

**CACI INTERNATIONAL INC., et al., Defendants.**

No. 94 Civ. 2925 (RLC).

United States District Court, S.D. New York.

April 25, 1995.

Mary Jo White, U.S. Atty. for the S.D.N.Y., New York City (David A. Koenigsberg, Asst. U.S. Atty., of counsel), for plaintiffs.

Joel Z. Robinson & Co., New York City (Joel Z. Robinson, of counsel), for plaintiff Pentagen Technologies Intern. Ltd.

### *OPINION*

ROBERT L. CARTER, District Judge.

*Preliminary Statement*

Plaintiff Pentagen Technologies International Ltd. ("Pentagen") brought an action against defendant CACI International Inc. ("CACI") and other defendants, as a "qui tam" relator pursuant to the False Claims Act, 31 U.S.C. §§ 3729–3733 (1988) ("FCA" or the "Act"). Plaintiff United States of America (the "United States" or the "govern-

ment") now notifies the court of its intention not to intervene in the action, pursuant to § 3730(b)(4)(B), and of its desire to prohibit all contents of the court's files, save for the complaint, from being unsealed and served upon the defendants.

The government argues that materials, including, but not limited to, any motions filed by the United States for extensions of the sixty-day investigative period or for any other reason, correspondence, memoranda, and supporting documents should remain under seal and not be made public or served upon the defendants because the government presented these materials to the court *in camera*. The government has proposed an order to this effect for the court's approval.

Pentagen seeks to have the complaint and all other documentation released from under seal and served upon the defendants, arguing that the information the government filed with the court in prior applications in the action is still relevant and that the government has not stated a sufficient reason for exclusion of these materials. Pentagen contends that once the government has decided not to intervene under § 3730(b)(4)(B), it is no longer entitled to limit the proceedings and the court, therefore, lacks jurisdiction to carry out the government's proposed order.

Based on statutory language, legislative history and precedence, the court declines to endorse the government's order and concludes that the complaint and all other materials in the court's files may be released from under seal.

*Discussion*

A. *Statutory interpretation*

31 U.S.C. § 3729 provides a civil action for fraud against the government and § 3730(b)(1) authorizes individuals to "bring a civil action for a violation of section 3729 for the person and for the United States . . ." in the name of the government. § 3730(b)(1). "The Government may elect to intervene and proceed with the action," § 3730(b)(2), or it may "notify the court that it declines to take over the action, in which case the person bringing the action [the qui tam relator] shall have the right to conduct the action." § 3730(b)(4)(B); *see United States ex rel. Kreindler & Kreindler v. United Technologies Corp.*, 985 F.2d 1148, 1153 (2d Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 2962, 125 L.Ed.2d 663 (1993); *United States ex rel. Dick v. Long Island Lighting Co.*, 912 F.2d 13, 16 (2d Cir.1990); *United States ex rel. Mikes v. Straus*, 853 F.Supp. 115, 117 (S.D.N.Y.1994) (Broderick, J.).

31 U.S.C. § 3730(c)(3) explicitly states that "[i]f the Government elects not to proceed with the action, the person who initiated the action shall have the right to conduct the action." The statute states that under these circumstances, the government maintains the right to be served with copies of all pleadings filed in the action and to be supplied with all deposition transcripts, however, the statute makes no mention of the government's right to keep *in camera* information under seal indefinitely. *Id.* Furthermore, § 3730(c)(3) allows the government to later intervene in the action if it so desires, but only upon a "showing of good cause" and "without limiting the status and rights of the person initiating the action." Hence, even when the government intervenes it can not limit the status and rights of the qui tam relator, one of which is "the right to conduct the action." §§ 3730(b)(4)(B), 3730(c)(3). Therefore, it follows that when the government chooses *not* to intervene, at the very least it cannot limit the status and rights of the qui tam relator when conducting the action.

31 U.S.C. § 3730(b)(3) permits the government "for good cause" to move the court for an extension of time in which the complaint remains under seal while the government decides whether it will intervene in the action. In such case, the government's supporting affidavits to the motion and submissions are made *in camera*. While § 3730(b)(3) only refers to the complaint, this section illustrates that the government may be limited in the amount of time it may keep material under seal. Here, the government seeks to have all of the documents in the court's files remain under seal, save for the complaint, without providing any explanation or good cause for its request.

## B. Legislative history

■ In order to prevent the United States Treasury from being drained of millions of dollars each year by fraudulent billings by federal government contractors, Congress enacted the FCA. See S.Rep. No. 345, 99th Cong., 2d Sess. 3, reprinted in 1986 U.S.Code Cong. & Admin.News 5266, 5268. Congress further strengthened the FCA in 1986 by revamping its qui tam provisions to encourage private individuals to bring suits on behalf of the government. United States ex rel. Doe v. John Doe Corp., 960 F.2d 318, 319 (2d Cir.1992); United States ex rel. McCoy v. California Medical Review, Inc., 715 F.Supp. 967, 968 (N.D.Cal.1989) ("Congress' objectives in amending the Act [were] principally to expand the role of qui tam plaintiffs and to keep pressure on the United States to prosecute the cases") (citing S.Rep. No. 99-345, 99th Cong., 2d Sess. 24, reprinted in 1986 U.S.Code Cong. & Admin.News 5266, 5288-92). In the context of requesting extensions, Congress stated, "[t]he Government should not, in any way, be allowed to unnecessarily delay lifting of the seal from the civil complaint or processing of the qui tam litigation." United States ex rel. McCoy, 715 F.Supp. at 969 n. 1 (quoting S.Rep. No. 99-345, 99th Cong., 2d Sess. 24, reprinted in 1986 U.S.Code Cong. & Admin.News 5266, 5290). Indeed, Congress noted that "much of the purpose of qui tam actions would be defeated unless the private individual is able to advance the case to litigation." S.Rep. No. 99-345, 99th Cong., 2d Sess. 24, reprinted in 1986 U.S.Code Cong. & Admin.News 5266, 5289; see United States ex rel. McCoy, 715 F.Supp. at 970 ("Congress clearly intended to bestow upon relators in proceedings under the Act substantial power to force the prosecution of cases"). Given Congress' clear mandate that qui tam relators be able to effectively bring civil suits under the FCA, it follows that once the government has decided it will not intervene, it should not be able to handicap the relator's action by keeping materials under seal without some showing of good cause or ample justification.

## Disposition

The parties' reliance on United States ex rel. McCoy is misplaced because there the United States intervened in the qui tam plaintiffs' FCA action. Even so, the Northern District of California's decision bolsters Pentagen's contentions. In that case, the government sought to keep the complaint and material evidence under seal due to an ongoing criminal investigation that involved events related to the alleged fraud. Id. at 968. The government argued that such materials should remain under seal in order to prevent the premature disclosure of the government's case via civil discovery and to most efficiently dispose of the legal issues common to the criminal and civil cases. Id. The government's request for secrecy is supported by the statute. 31 U.S.C. § 3730(c)(4) states:

> Whether or not the Government proceeds with the action, upon a showing by the Government that certain actions of discovery by the person initiating the action would interfere with the Government's investigation or prosecution of a criminal or civil matter arising out of the same facts, the court may stay such discovery for a period of not more than 60 days. Such a showing shall be conducted in camera.

However, the government failed to show that the relators' discovery actions would interfere with the government's actions in its related civil and criminal proceedings. Therefore, the court denied the government's motion to retain the action under seal. United States ex rel. McCoy, 715 F.Supp. at 970. Here, the government is not arguing that materials in the court's files would interfere with an ongoing criminal investigation, a legitimate contention under the FCA for keeping information under seal.

In United States ex rel. Mikes v. Straus, 846 F.Supp. 21, 23 (S.D.N.Y.1994) (Broderick, J.), the Attorney General submitted materials in camera seeking extensions of time to decide whether to intervene, pursuant to § 3730(a)(3). The Attorney General decided that the government would not proceed in the case and agreed with all parties that all material would be unsealed except for a particular status report. The court held that

because the document did not contain any confidential information, it should be unsealed along with the rest of the sealed materials in the court file. The court concluded that "[t]he Qui Tam statute evinces no specific intent to permit or deny disclosure of *in camera* material as a case proceeds" and that "the statute necessarily invests the court with authority to preserve secrecy of such items or make them available to the parties." *United States ex rel. Mikes,* 846 F.Supp. at 23. In making its determination, the court noted,

> Where disclosure of confidential investigative techniques, of information which could jeopardize an ongoing investigation, or of matters which could injure non-parties is requested, courts have recognized the interest of the public in denying or deferring disclosure.

*Id.* Upon examination of the status report *in camera,* the court concluded that the document described "routine investigative procedures which anyone with rudimentary knowledge of investigative processes would assume would be utilized in the regular course of business" and that therefore, "there [was] no ground for retaining the . . . [r]eport under seal." *Id.; cf. United States v. Zanfordino,* 833 F.Supp. 429, 433 (S.D.N.Y.1993) (Broderick, J.) ("The United States Attorney has suggested no governmental privilege, or any harm to ongoing investigations, which would militate against the disclosure of material prepared or utilized in connection with analysis" of evidence involved in criminal case).

█ Here, the government does not argue, nor is it clear from the court's files, how disclosure of all of the materials now under seal would be harmful. There are three files which have been sealed in the present action. The record filed on April 21, 1994 contains: the complaint; two civil cover sheets; and a certified document dated April 21, 1994 stating that Pentagen Technologies International Limited is a "corporate parent[ ], subsidiar[y], or affiliate[ ] of that party which [is] publicly held." The record filed on June 14, 1994 contains a Stipulation and Order Extending Time to Intervene and a Status Report and Statement in Support of Entry of Stipulation and Order both dated June 7,

1994. The record filed on December 19, 1994 contains a Stipulation and Order Extending Time to Intervene dated December 15, 1994. The content of the court's files do not disclose any confidential investigative techniques, information which could jeopardize an ongoing investigation, or matters which could injure non-parties. Indeed, as in *United States ex rel. Mikes,* the documents, save for the complaint, describe routine, general investigative procedures and do not implicate specific people or provide any substantive details. As a result, the court finds no ground for retaining the court's files under seal.

### Conclusion

In conclusion, the United States having declined, pursuant to 31 U.S.C. § 3730(b)(4)(B), to intervene in this action, the court rules as follows:

IT IS ORDERED that the complaint be unsealed and served upon the defendants.

IT IS FURTHER ORDERED that all other contents of the court's files in this action be unsealed, made public and served upon the defendants.

The parties are further ordered to serve all pleadings, notices, and motions served or filed in this action, including supporting memoranda, upon the United States, as provided for in 31 U.S.C. § 3730(c)(3). The United States may order any deposition transcripts and is entitled to intervene in this action at any time for good cause. Should the relator or the defendants propose that this action be dismissed, settled, or otherwise discontinued, the court will solicit the written consent of the United States before ruling or granting its approval.

If desired the qui tam relator may submit an order for court signature consistent with this opinion.

IT IS SO ORDERED.