902 F.Supp. 189 (1995)
UNITED STATES of America, ex rel., Daniel G. O'Keefe, Plaintiff,
v.
McDONNELL DOUGLAS CORPORATION, Defendant.
No. 4:93CV02188 GFG.
United States District Court, E.D. Missouri, Eastern Division.
October 23, 1995.
*190 Daniel J. McMichael, McMichael and Logan, Chesterfield, MO, Francis E. Pennington, III, Daniel V. Conlisk, Dankenbring and Greiman, St. Louis, MO, for Daniel G. O'Keefe.
Stephen H. Rovak, Roger K. Heidenreich, Sonnenschein and Nath, St. Louis, MO, David J. Massa, Charles A. Weiss, Veryl L. Riddle, Bryan Cave, St. Louis, MO, Robert F. Schoular, Sonnenschein and Nath, Los Angeles, CA, for McDonnell-Douglas Corp.
Claire M. Schenk, Office of U.S. Attorney, St. Louis, MO, Michael F. Hertz, Stanley E. Alderson, Anthony M. Alexis, U.S. Department of Justice, Civil Division, Washington, DC, for U.S.

ORDER
GUNN, District Judge.
This matter is before the Court on defendant's motion for an order unsealing the file.
Daniel G. O'Keefe filed this action against McDonnell Douglas Corporation ("MDC") pursuant to the False Claims Act, 31 U.S.C. §§ 3729-33. The False Claims Act generally prohibits certain acts designed to defraud the federal government. 31 U.S.C. § 3729(a). A private person may bring a civil action, called a qui tam action, for a violation of the Act for herself and for the United States Government. 31 U.S.C. § 3730(b). That person is called the relator, and the Act provides that her complaint not be served on the defendant and be filed and kept under seal for sixty days while the government decides whether to intervene and take over the prosecution of the action. 31 U.S.C. § 3730(b)(2). For good cause shown, the government may move to extend that sixty-day period and "[a]ny such motions may be supported by affidavits or other submissions in camera." 31 U.S.C. § 3730(b)(3). After the government decides whether or not to intervene, the complaint is unsealed and served upon the defendant. Id.
In this case, the original Complaint contains allegations that MDC submitted false claims to the United States by claiming labor costs improperly charged to various Department of Defense contracts. The Complaint was filed under seal on October 12, 1993. After seeking numerous extensions of time, on August 21, 1995 the United States filed its notice of intervention. On September 7, 1995, the Court lifted the seal on plaintiff's First Amended Complaint and the United States' Notice of Intervention and Report to the Court. The Court left intact the seal on all other documents filed in the case.[1]
MDC now moves for the lifting of the seal on all documents filed in this case prior to the First Amended Complaint and the United *191 States' Notice of Intervention and Report to the Court. Such documents include the government's motions for extensions of time and accompanying memoranda and affidavits. Since MDC filed that motion, the parties have agreed to unseal the Original Complaint and the relator has filed a Second Amended Complaint and a Third Amended Complaint neither of which is sealed.
The statute at issue, § 3730 of the False Claims Act, clearly envisions the lifting of the seal as to the relator's complaint: "The defendant shall not be required to respond to any complaint filed under this section until 20 days after the complaint is unsealed." 31 U.S.C. § 3730(3).
The government argues that there is no statutory authority for lifting the seal as to filings other than the relator's complaint and the government's notice of intervention and report to the court. The government emphasizes that § 3730 alludes only to unsealing the complaint and that no other section of the False Claims Act references the unsealing of any other documents filed with the court prior to government intervention. The government explains that if Congress had wanted the entire file unsealed when the government intervenes, it would have said so.
MDC argues that there is no statutory authority for maintaining the seal as to all documents filed in the case prior to the lifting of the seal. It characterizes the lifting of the seal as automatic and points out that disclosure is consistent with the presumption that court files and proceedings should be public.
Only two courts have addressed the issue before this Court in published opinions: United States v. CACI Int'l Inc., 885 F.Supp. 80, 83 (S.D.N.Y.1995), and United States ex rel. Mikes v. Straus, 846 F.Supp. 21, 23 (S.D.N.Y.1994). Both courts allowed disclosure of documents filed in camera prior to government intervention. CACI, 885 F.Supp. at 83; Straus, 846 F.Supp. at 23. The courts reasoned that because the False Claims Act permits in camera submissions, the statute necessarily gives the court discretionary authority over whether to maintain the secrecy of such submissions. CACI, 885 F.Supp. at 81; Straus, 846 F.Supp. at 23. The Straus court found such authority analogous to the discretion conferred upon courts under Rule 26(c) of the Federal Rules of Civil Procedure. Straus, 846 F.Supp. at 23. Rule 26(c) governs a court's ability to grant protective orders to preserve confidential information disclosed during discovery. The Straus court therefore decided to exercise its discretion consistent with inquiries under Rule 26(c): the court balanced the need for and harm risked by disclosures sought by the defendant. Id. The Court finds persuasive the reasoning of the CACI and Straus courts and will exercise its discretion after balancing MDC's need for the sealed documents and the harm to the government risked by disclosure.
Initially, the Court notes that in Straus, the defendants were seeking the sealed Status Report submitted by the government for in camera inspection prior to intervention. The Straus court found that:
[T]he Status Report describes routine procedures which anyone with rudimentary knowledge of investigative processes would assume would be utilized in the regular course of business. It contains no information about specific techniques such as what items might be looked for in an audit, what types of employees of an entity should be contacted and how, what laboratory tests might be utilized, or the like.
Id. Similarly in CACI, the court found that the unsealed documents did not "disclose any confidential investigative techniques, information which could jeopardize an ongoing investigation, or matters which could injure nonparties. Indeed ... the documents, save for the complaint, describe routine, general investigative procedures and do not implicate specific people or provide any substantive details." CACI, 885 F.Supp. at 83. Both courts concluded that no harm would result to the government if those documents filed prior to intervention were unsealed. The Straus court contrasted the lack of harm with the defendants' need for the documents *192 and noted that references concerning routine sources of information actually considered might be of some use to the defense. Straus, 846 F.Supp. at 23.
The Court has reviewed the sealed documents in this case. The government's motions for extensions of time and accompanying memoranda and affidavits differ from those at issue in Straus and CACI because the sealed materials before this Court do provide some substantive details regarding the government's methods of investigation. There would be some harm associated with the disclosure of such details. However, various other documents filed prior to the lifting of the seal do not contain any information that would harm the government.
MDC argues that it needs the government's motions for extensions of time and accompanying memoranda and affidavits to assist in the defense of this action.[2] MDC contends that if the government did not show "good cause" for the extensions of time authorized by this Court, then it may have lost its standing to intervene. Such an argument would be totally meritless. Under the False Claims Act, this Court has the discretionary authority to determine whether the sixty-day period during which the original complaint is sealed should be extended for good cause shown. 31 U.S.C. § 3730(b)(2), (3). For good cause shown, the government may move to extend that sixty-day period and "[a]ny such motions may be supported by affidavits or other submissions in camera." 31 U.S.C. § 3730(b)(3). If the government fails to intervene in a timely manner or fails to show good cause, then the court may unseal the file and allow the relator to prosecute the action. See United States ex rel. Siller v. Becton, 21 F.3d 1339, 1344 (4th Cir.1994). Even then, the government may still seek to intervene at a later date. Id. at 1344 n. 4.
Upon balancing the harm to the government if its motions for extensions of time and accompanying memoranda and affidavits were unsealed with MDC's purported need for the documents, the Court finds that the harm outweighs the need and will not lift the seal regarding those documents. However, the Court will lift the seal as to other documents filed prior to the government's notice of intervention. Accordingly,
IT IS HEREBY ORDERED that defendant's motion to unseal (Doc. No. 30) is granted in part to the extent that the Clerk of the Court shall unseal certain documents (Doc. Nos. 2, 3, 4, 8, 10, 11, 12, 13, 14, 16, 17, 19, 20, 21) and the government shall cause the same to be served on defendant.
IT IS FURTHER ORDERED that defendant's motion to unseal (Doc. No. 30) is denied in part to the extent that certain documents (Doc. Nos. 5, 6, 7, 9, 15, 18) shall remain under seal.
IT IS FURTHER ORDERED that the Clerk of the Court shall consider the government's and the relator's responses to defendant's motion to unseal as NOT filed under seal.
NOTES
[1] The Order specifically stated that "no other records in this case filed prior to this date shall be unsealed." On the same day that the Order issued, an employee of one of the law firms representing MDC obtained a copy of the docket sheet and on more than one occasion requested copies of all the documents in the file from the Office of the Clerk of the Court despite the clear mandate of the Order. The Court finds such conduct disingenuous at best.
[2] Upon initiating a qui tam action, the relator must serve upon the government a "written disclosure of substantially all material evidence and information." 31 U.S.C. § 3730(b). Any need asserted by MDC for that document to support the unsealing of the file is irrelevant as such a document was never filed with the Court. The Court need not address the discoverability of the written disclosure at this time.