339 F.Supp.2d 1124 (2004)
UNITED STATES of America ex rel. ERICKSON, Plaintiff
v.
UNIVERSITY OF WASHINGTON PHYSICIANS, et al., Defendants.
No. C99-1261-R.
United States District Court, W.D. Washington. At Seattle.
October 7, 2004.
Jeffrey Todd Sprung, Hagens Berman, Seattle, WA, Michael Brown, Phillips & Cohen, San Francisco, CA, Stephen Meagher, Phillips & Cohen, San Francisco, CA, Steve W. Berman, Hagens Berman, Seattle, WA, for Mark F. Erickson, United States.
David B Robbins, Bennett Bigelow & Leedom, Seattle, WA, Dierk J Meierbachtol, Bennett Bigelow & Leedom, Seattle, WA, for University of Washington Physicians.
Alan E Kleinburd, U.S. Dept. of Justice, Washington DC, Brian C Kipnis, U.S. Attorney's Office, Seattle, WA, Robert Henry Westinghouse, U.S. Attorney's Office, Seattle WA, Susan G Loitz, U.S. Attorney's Office, Seattle, WA, for U.S.
Jessica L Goldman, Summit Law Group, Seattle, WA, for Seattle Times.

ORDER GRANTING THE SEATTLE TIMES' MOTION TO INTERVENE AND UNSEAL COURT FILE
ROTHSTEIN, District Judge.
This matter comes before the court on The Seattle Times' Motion to Intervene *1125 and Unseal Court File. Having reviewed this motion, and all responsive filings, and, being fully advised, the court finds and concludes as follows:
On August 3, 1999, Plaintiff-Relator Mark F. Erickson filed a False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq., action against University of Washington Physicians, Children's University Medical Group, and Association of University Physicians (collectively, "defendants" or the "UW Plans"). Defendants are medical practice groups affiliated with the University of Washington Medical Center, Harborview Medical Center, Children's Hospital and Medical Center, Fred Hutchinson Cancer Research Center, and a network of primary care clinics.
The complaint was filed under seal, pursuant to the qui tam provisions of the FCA, 31 U.S.C. § 3730(b), which allows private citizens ("relators") to initiate lawsuits alleging that the United States has been defrauded in connection with certain federal activities and programs. Under these provisions, the relator files a complaint ex parte, under seal, and the lawsuit remains unknown to defendant for a period of 60 days. 31 U.S.C. § 3730(b)(2). The statute contemplates that during this 60-day period, the United States will commence and, if possible, complete, an investigation into the allegations, with the goal of deciding whether to intervene and prosecute the action. 31 U.S.C. § 3730(b)(2) and (b)(4).
In this case, the Relator alleged that defendants had engaged, over a substantial period of time, in various schemes to defraud the federal Medicare, Medicaid and TRICARE programs. The United States began a broad investigation into the Relator's claims, in the course of which it repeatedly applied to the court to enlarge the period of time for intervention. The FCA expressly allows extensions upon the government's showing of "good cause," and provides that a motion for such an extension may be supported by in camera submissions. 31 U.S.C. § 3730(b)(3). Each of the government's requests for an enlargement of time was filed ex parte and under seal pursuant to 31 U.S.C. § 3730(b)(3). These requests and the court's orders enlarging the time for intervention comprise the bulk of the documents in the court file.
The government's lengthy investigation ultimately resulted in its decision to intervene, and in the filing of a joint stipulation of dismissal in settlement of all civil claims.[1] This court approved the settlement as fair, adequate and reasonable pursuant to 31 U.S.C. § 3730(c)(2)(B) and (b)(1). At the time of settlement and dismissal, pursuant to the government's request, the court unsealed only the complaint, the joint stipulation of dismissal, and the order consenting to the joint stipulation of dismissal. The court ordered the parties, as well as any interested parties, to show cause why the remainder of the file should not be unsealed.
The Seattle Times, which, along with other local media organizations has shown dogged interest in this case over the years, quickly moved to intervene and unseal the court file. The government strongly opposes this motion, arguing that the court should maintain the seal, or that at the *1126 very least, the court should keep sealed certain of its in camera motions that the government claims contain particularly sensitive information. The UW Plans initially joined the government by objecting to the unsealing of the court file, also requesting permission, should the court decide to unseal the file, to perform a review of the relevant documents prior to disclosure. The court allowed the UW Plans the opportunity to examine the sealed documents, and, following its review, the UW Plans withdrew its objection to unsealing the court file.
The FCA clearly contemplates the lifting of the seal on the relator's complaint. 31 U.S.C. § 3730(b)(3). However, nowhere does the statute reference the unsealing of any other documents filed with the court. The FCA, therefore, provides no explicit authority for the court to permit or deny disclosure of material filed in camera other than the complaint.
This court is in agreement with courts that have reasoned that in permitting in camera submissions, the statute necessarily invests the court with authority to either maintain the filings under seal, or to make them available to the parties.
Such decisions may be characterized as discovery matters either directly under, or closely analogous to those considered under, Fed.R.Civ.P. 26(c), which authorizes protective orders for protection of trade secrets and similar information. Resolution of disputes under Rule 26(c) is based on a pragmatic balancing of the need for and harm risked by, disclosures sought.
Where disclosure of confidential investigative techniques, of information which could jeopardize an ongoing investigation, or of matters which could injure non-parties is requested, courts have recognized the interest of the public in denying or deferring disclosure.
United States ex rel. Mikes v. Straus, 846 F.Supp. 21, 23 (S.D.N.Y.1994) (citations omitted). See also U.S. ex rel. Coughlin v. IBM Corp., 992 F.Supp. 137, 140-41 (N.D.N.Y.1998); U.S. ex rel. O'Keefe v. McDonnell Douglas Corp., 902 F.Supp. 189, 190-92 (E.D.Mo.1995); United States v. CACI Int'l Inc., 885 F.Supp. 80, 83 (S.D.N.Y.1995).
The government asserts that at least some of the documents filed in camera "reveal pieces of the government's investigatory techniques, decision-making processes, research, and reasoning[,]" and that exposing "all these matters to the public would benefit a multitude of defendants and potential defendants subject to fraud investigations, making the government's job of ferreting out and prosecuting fraud far more difficult." But careful in camera examination of the court file in this case shows that the documents at issue, including those cited by the government as containing particularly sensitive information, merely describe routine investigative procedures. The instant situation is similar to the one described in U.S. v. CACI, where the court found that the documents at issue did not
disclose any confidential investigative techniques, information which could jeopardize an ongoing investigation, or matters which could injure nonparties. Indeed ... the documents, save for the complaint, describe routine, general investigative procedures and do not implicate specific people or provide any substantive details.
U.S. v. CACI, 885 F.Supp. at 83.
This court is satisfied that nothing in the documents in this court file would reveal any sensitive information as to how an investigation works. The documents contain no information that could compromise a future investigation, such as explanations *1127 of specific techniques employed or specific references to ongoing investigations. Media interest in this matter has been ardent and unflagging, and the court believes that this interest properly reflects the interest of the public in a case such as this one, where there are allegations of serious misconduct concerning a vitally important state institution. After balancing the interest of The Seattle Times in seeking disclosure, and the harm alleged by the government, the Court concludes that lifting the seal on the court file is warranted.
For the foregoing reasons, the Court hereby GRANTS The Seattle Times' Motion to Intervene and Unseal Court File. The Clerk of the Court is directed to unseal the file.
NOTES
[1] On the criminal side, the United States Attorneys' Office for the Western District of Washington prosecuted two former chairpersons of departments at the University of Washington School of Medicine. In July 2002, Dr. H. Richard Winn, former Chairman of the University of Washington School of Medicine Department of Neurosurgery pleaded guilty to one count of obstruction of justice under 18 U.S.C. § 1518. In March 2003, Dr. William Couser, former Chairman of the University of Washington School of Medicine Division of Nephrology, pleaded guilty to one count of mail fraud under 18 U.S.C. § 1341.