UNITED STATES of America ex rel. HEALTH OUTCOMES TECH-NOLOGIES, Plaintiff,

v.

HALLMARK HEALTH SYSTEM, INC., et al., Defendants.

No. CIV.A. 01–11375–NMG.

United States District Court, D. Massachusetts.

Dec. 14, 2004.

Sara M. Bloom, United States Attorney's Office, Boston, MA, David J. Leviss, U.S. Department of Justice, Civil Division, Commercial Litigation, Washington, DC, for Plaintiff.

Ryan M. DiSantis, Ropes & Gray LLP, Boston, Michael K. Fee, Ropes & Gray LLP, Boston, Kirsten V. Mayer, Ropes & Gray, Boston, Richard P. Ward, Ropes & Gray LLP, Boston, MA, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

On February 27, 1996, Health Outcomes Technologies, Inc. filed an action on behalf

of the United States under seal in the Eastern District of Pennsylvania under the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729–3733, alleging that 100 hospitals throughout the United States engaged in conduct to defraud the Medicare program. Specifically, the complaint alleges that the defendant hospitals misused a Medicare billing code to obtain increased reimbursements for the treatment of pneumonia patients from 1992 until 1997. The complaint seeks treble damages and civil penalties under the False Claims Act.

Several hospitals in Massachusetts, including the three hospital defendants in this action, were among the 100 original hospital-defendants. In July, 2001, the United States District Court for the Eastern District of Pennsylvania severed claims against the Massachusetts hospitals and transferred them to this District.

The United States sought numerous extensions of the seal, both while the action was venued in Pennsylvania and after the severed cases were transferred to Massachusetts, before it determined whether it would intervene in the action. On December 31, 2003, the United States filed a notice of intervention in the District Court for the District of Massachusetts, and on August 20, 2004, it filed a first amended complaint. This case was originally assigned to another judge of this Court but, on July 13, 2004, it was transferred to this Session.

## I. *Defendants' Motion to Unseal the Court File*

Defendants move to unseal the entire file relating to this case. They state that they have received 1) a copy of the Court's order granting the United States an extension of time in which to file and serve an amended complaint and 2) a copy of the first amended complaint, but that they have received no other documents related to this case. Although this Court ordered that the relator's complaint, the notice of intervention by the United States and the Court's Order of January 8, 2004, be unsealed, for some unknown reason, the documents were not unsealed or made available to defendants. Defendants contend that they need to review the entire file in order to answer the complaint, stating that due process requires that they have access to the documents in order to defend themselves, particularly because the claims relate to actions that occurred prior to the six-year limitations period of the False Claims Act. Defendants also contend that they have a common law and First Amendment right of access to all materials filed in this matter.

The government objects to the unsealing of the entire docket on the grounds that certain documents contain specific investigative details or information that may currently be under seal by order of another district court and that defendants have no valid interest in those documents.

Docket Nos. 19, 20 and the relator's complaint (part of Docket No. 1) were ordered unsealed in Judge Tauro's Order of January 8, 2004 (Docket No. 20). That Order also provided that the seal would be lifted on all future matters occurring in this action.

The government does not object to lifting the seal on Docket Nos. 3, 5, 8, 10, 11, 12, 15 and 18. Those documents consist of court orders, the stipulation of dismissal of other defendants, notices of withdrawal and appearances of counsel.

Docket No. 6 is a mistaken entry, belongs to another case and will be stricken from this docket.

The government objects to the unsealing of all remaining docket entries: Docket Nos. 1, 2, 4, 7, 9, 13, 14, 16 and 17.

■ Docket No. 1 contains the transfer order and the relator's complaint of February 27, 1996. The complaint has already been redacted and ordered to be unsealed, and names of defendants other than those involved in the present case have been removed. The transfer order relates to several defendants not parties to this action and may contain information that is still under seal in other courts. The transfer order will, therefore, be made available to defendants only after the names of all defendants other than those in the instant case have been redacted.

■ The government also objects to the unsealing of their numerous motions to extend time to consider their election to intervene (Docket Nos. 2, 4, 7, 9, 13 and 16) and supporting memoranda (Docket Nos. 14 and 17). The Court has reviewed all of those documents and has found nothing in them that would compromise investigations in other districts or prejudice the government with respect to this action. Some of the motions describe the government's agreements in principle to settle with the remaining defendants or why the government needs more time to determine whether or not to intervene. They need not be sealed.

Pursuant to the False Claims Act, private citizens ("relators") who believe that the United States government has been defrauded in connection with certain federal activities or programs may file a complaint *in camera,* and the complaint remains under seal for at least 60 days. 31 U.S.C. § 3730(b)(2). The statute contemplates that during those 60 days the government will investigate the case and determine whether to intervene in the action. The government may, for good cause shown, move for extensions of time during which the complaint remains under seal, and such motions may be supported by affidavits or other submissions *in camera.*

31 U.S.C. § 3710(b)(3). As courts have noted, although the statute clearly contemplates that the complaint be unsealed once the government has acted with respect to intervention, it is silent with respect to whether other documents, such as the government's motions for extensions of time pursuant to § 3730(b)(3), are to remain under seal indefinitely. *See, e.g., United States ex rel. Erickson v. Univ. of Washington,* 339 F.Supp.2d 1124, 1126 (W.D.Wa.2004). Numerous courts have thus held that, by permitting *in camera* submissions, the statute necessarily invests the court with authority either to maintain the filings under seal or to make them available to the parties. *See, e.g., id.; United States ex rel. Mikes v. Straus,* 846 F.Supp. 21, 23 (S.D.N.Y.1994); *United States ex rel. Coughlin v. Int'l Bus. Mach. Corp.,* 992 F.Supp. 137, 140 (N.D.N.Y. 1998).

■ The government suggests that in the process of ruling on a motion to unseal the record in a *qui tam* action, the Court should weigh the Defendants' demonstrated need for the sealed documents against the harm to the United States risked by disclosure. *See, e.g., Coughlin,* 992 F.Supp. at 141; *United States ex rel. O'Keefe v. McDonnell Douglas Corp.,* 902 F.Supp. 189, 192 (E.D.Mo.1995).

It is appropriate to decline to unseal filings where disclosure of confidential investigative techniques, of information which could jeopardize an ongoing investigation, or of matters which could injure non-parties is requested.

*Mikes,* 846 F.Supp. at 23; *see also O'Keefe,* 902 F.Supp. at 192 (declining to lift seal for documents that provide "some substantive details regarding the government's methods of investigation"). However, it is appropriate to unseal a document that reveals only

routine investigative procedures which anyone with rudimentary knowledge of

investigative processes would assume would be utilized in the regular course of business ... [and] contains no information about specific techniques such as what items might be looked for in an audit, what types of employees of an entity should be contacted and how, what laboratory tests might be utilized, or the like.

*Mikes,* 846 F.Supp. at 23 (unsealing entire court file); *see also Erickson,* 339 F.Supp.2d at 1126 (unsealing entire court file); *Coughlin,* 992 F.Supp. at 141 (unsealing entire court file); *United States v. CACI Int'l, Inc.,* 885 F.Supp. 80, 83 (S.D.N.Y.1995) (unsealing entire court file).

After careful *in camera* consideration of all of the documents at issue and upon balancing defendants' interest in obtaining the information with the government's interest in continued confidentiality, this Court finds that the documents in question should be unsealed. The documents contain no information that could jeopardize the prosecution of this or any related case. Furthermore, defendants have a legitimate interest in obtaining the documents because they may be helpful, as defendants suggest, in establishing defenses such as exhaustion of the limitations period or improper venue.

The government contends that the information contained in the documents which it seeks to keep under seal is protected by the attorney work product doctrine. Because discovery is not at issue here, the work product doctrine is inapplicable. *See United States ex rel. Goodstein v. McLaren Reg'l Med. Ctr.,* 2001 WL 34091259, at *3 (E.D.Mich.2001).

**II.** *Defendants' Motion to Extend Time to Answer or Otherwise Respond to Plaintiff's First Amended Complaint*

On October 27, 2004, Defendants moved to extend the time within which they must answer or otherwise respond to plaintiff's first amended complaint to 30 days after the Court rules on defendants' motion to unseal or defendants receive documents pursuant to such order, whichever is later.

The government objected to the motion on the grounds that defendants' motion to unseal should not provide an excuse to delay the progress of this case. However, the government assented to a continuance to no later than December 1, 2004.

Defendants' motion will be allowed and they will be permitted to answer or otherwise respond to the complaint on or before January 24, 2005.

### ORDER

Based on the foregoing:

1. Defendants' Motion to Unseal the Court File (Docket No. 33) is **ALLOWED, in part, and DENIED, in part.** The Clerk of the Court is directed to *unseal the entire file in this case with the sole exception of the transfer order contained within Docket No. 1.* The government is directed to file, on or before December 24, 2004, a redacted copy of the transfer order eliminating the names of parties that are *not* defendants in this action.

2. Defendants' Motion to Extend Time to Answer or Otherwise Respond to Plaintiff's First Amended Complaint (Docket No. 36) is **ALLOWED.** Defendants shall respond to the first amended complaint on or before January 24, 2005.

**So ordered.**

December 14, 2004.