UNITED STATES of America, ex rel. Barry ROSTHOLDER

v.

OMNICARE, INC., et al.

Civil No. CCB–07–1283.

United States District Court, D. Maryland.

July 28, 2011.

Robin Page West, Cohan West and Karpook PC, Baltimore, MD, David L. Haron, Mercedes Varasteh Dordeski, Frank Haron Weiner and Navarro PLC, Troy, MI, Gerald Charles Robinson, Hellmuth and Johnson PLLC, Edina, MN, for United States of America, ex rel. Barry Rostholder.

The State of Georgia, Pro Se.

The State of New Jersey, Pro Se.

The State of Oklahoma, Pro Se.

The State of Rhode Island, Pro Se.

The State of Wisconsin, Pro Se.

Lawrence S. Sher, Eric Alan Dubelier, Katherine Joanne Seikaly, Reed Smith LLP, Washington, DC, for Omnicare, Inc., et al.

## *MEMORANDUM*

CATHERINE C. BLAKE, District Judge.

On May 5, 2007, Barry Rostholder, the relator in this case, filed a qui tam action against the defendants pursuant to the False Claims Act ("FCA"). On April 22, 2009, the United States filed a notice declining to intervene in the case. On November 9, 2010, the court ordered the partial lifting of the seal on the case, specifically unsealing the government's Notice of Election to Decline Intervention, the Second Amended Complaint, and all

documents and pleadings filed after November 9, 2010. Now pending before the court is the defendants' motion to unseal the entire docket in this case. The relator has consented to the unsealing of the original and first amended complaints and has taken no position on unsealing the other documents in the court file.[1] The United States, however, opposes the unsealing of motions and accompanying memoranda it filed requesting extensions of time to elect to intervene ("extensions"). For the reasons explained below, the defendants' motion will be granted.

█ Under the FCA, a relator may file a complaint under seal while the government investigates whether it will intervene in the case. *See* 31 U.S.C. § 3730(b)(2). The complaint remains under seal for at least 60 days, but, for good cause, the government may request the court for more time to investigate a claim, during which the complaint remains under seal. *Id.* at § 3730(b)(3). Although the FCA explicitly contemplates that the complaint will be unsealed once the government has decided whether or not to intervene, it does not address whether the government's motions for extensions of time and accompanying memoranda should remain under seal indefinitely. *See id.* at § 3730(b)(2)-(3). The Fourth Circuit has not addressed whether anything beyond the qui tam complaint must be unsealed. It has emphasized, however, that "the presumption in favor of public disclosure of court records can only be overcome by a significant countervailing interest." *Under Seal v. Under Seal*, 326 F.3d 479, 486 (4th Cir.2003) (citing *Rushford v. New Yorker*, 846 F.2d 249, 253 (4th Cir.1988)).

Courts that have directly addressed whether the FCA contemplates the unsealing of all documents filed in a qui tam action have held that "by permitting *in camera* submissions, the statute 'necessarily invests the court with authority either to maintain the filings under seal or to make them available to the parties.'" *United States ex rel. Yannacopolous v. Gen. Dynamics*, 457 F.Supp.2d 854, 858 (N.D.Ill.2006) (quoting *United States ex rel. Health Outcomes Techs. v. Hallmark Health Sys., Inc.*, 349 F.Supp.2d 170, 173 (D.Mass.2004)). Courts have analogized disputes over whether to unseal documents under the FCA to discovery disputes under Fed.R.Civ.P. 26(c), which authorizes protective orders for confidential trade secrets and similar information. *Id.* (citing *United States ex rel. Erickson v. Univ. of Washington Physicians*, 339 F.Supp.2d 1124, 1126 (W.D.Wash.2004)); *United States ex rel. Mikes v. Straus*, 846 F.Supp. 21, 23 (S.D.N.Y.1994); *see also ACLU v. Holder*, ——— F.3d ———, ———, 2011 WL 1108252, at *8 (4th Cir.2011) (noting that the "good cause" standard in section 3730(b)(3) of the FCA for keeping a qui tam action under seal is the same standard contained in Fed.R.Civ.P. 26). Accordingly, courts have balanced a defendant's interest in obtaining information normally available for public disclosure against the government's interest in protecting confidential information disclosed in those motions. *See ACLU*, ——— F.3d at ———, 2011 WL 1108252, at *11 (explaining that when reviewing sensitive information *in camera*, "the courts seek to balance the need for transparency in the judiciary with the effective protection of sensitive information.") (citation omitted).

█ Here, the defendants request access to the government's motions for extensions for two reasons: (1) to determine whether the relator disclosed any privileged attorney-client discussions to the

---

1. None of the state Attorneys General involved in this case have filed a response to the defendants' motion.

government and (2) to determine whether the relator qualifies as an original source under the FCA. The government argues that the motions for extensions and accompanying memoranda currently under seal contain "details of investigative strategy and investigative techniques that are not limited in application to just this one case" and that the federal government "has a significant interest in protecting the non-disclosure of such privileged information." (*See* Government's Opp'n at 8, ECF No. 71.)[2] "Where disclosure of confidential investigative techniques, of information which could jeopardize an ongoing investigation, or of matters which could injure non-parties is requested," courts have prevented the disclosure of sensitive documents. *Mikes,* 846 F.Supp. at 23; *see, e.g., United States ex rel. O'Keefe v. McDonnell Douglas Corp.,* 902 F.Supp. 189, 192 (E.D.Mo.1995) (declining to unseal motions for extensions of time because the motions and accompanying memoranda provided "substantive details regarding the government's methods of investigation"). It is appropriate to unseal a document, however, that reveals only

> routine investigative procedures which anyone with rudimentary knowledge of investigative processes would assume would be utilized in the regular course of business … [and] contains no information about specific techniques such as what items might be looked for in an audit, what types of employees of an entity should be contacted and how, what laboratory tests might be utilized, or the like.

*Health Outcomes Techs.,* 349 F.Supp.2d at 173–74 (alteration in original) (quoting

**2.** The government also argues that the documents it seeks to keep under seal contain information that is protected by the attorney work product doctrine but has not cited any authority making the work-product protection applicable to these documents, which the government chose to file with the court. *See*

*Mikes,* 846 F.Supp. at 23) (unsealing the docket because the documents "contain no information that could jeopardize the prosecution of this or any related case"); *see also Erickson,* 339 F.Supp.2d at 1126 (unsealing the docket because the documents at issue "merely describe routine investigative procedures"); *United States ex rel. Coughlin v. Int'l Bus. Machs. Corp.,* 992 F.Supp. 137, 141 (N.D.N.Y.1998) (unsealing the docket because the documents requested did not "contain substantive details regarding the government's methods of investigation").

After careful *in camera* inspection of all of the documents at issue and balancing the defendants' interest in obtaining information with the government's interest in continued confidentiality, the court concludes that the documents should be unsealed. The motions for extensions of time to intervene and accompanying memoranda do not contain confidential investigative techniques or substantive details regarding the government's methods of investigation that could jeopardize the prosecution of this case or future cases. No specific individuals, other than the relator, or investigative techniques are identified in any of the motions for extensions filed by the government. The motions merely describe routine investigative procedures with as little detail as possible. Moreover, the defendants have a legitimate interest in obtaining documents that may be helpful in establishing defenses, such as whether the relator would qualify as an original source under the FCA.[3] The defendants' motion to unseal will be granted.

A separate Order follows.

*Health Outcomes Techs.,* 349 F.Supp.2d at 174.

**3.** I am not expressing a view that anything helpful necessarily will be found in the documents to be unsealed; as there is no harm to

## *ORDER*

For the reasons stated in the accompanying Memorandum, it is hereby Ordered that:

1. the defendants' motion to unseal (ECF No. 60) is **GRANTED;**
2. the entire docket in this case shall be unsealed as of August *19,* 2011;
3. the request to withhold issuance of summons (ECF No. 24), motion to continue the preservation of the seal as to certain documents (ECF No. 48), and ex parte motions for partially re-lifting the seal (ECF No. 49 and 51) will be **DENIED** as moot;
4. and counsel are requested to provide a status report by August 26, 2011.

the government, however, Omnicare should be allowed to make that determination.